UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALLCOM CREDIT UNION,<br>    Plaintiff,<br><br>v.<br><br>ALL ONE CREDIT UNION,<br>    Defendant. | CIVIL ACTION NO. |

## COMPLAINT

### INTRODUCTION

This is an action for damages brought by Plaintiff AllCom Credit Union ("AllCom"), holder of a federally registered trademark and common law trademark, AllCom Credit Union®, against the Defendant All One Credit Union ("All One" or "Infringer"), which is infringing upon that trademark or otherwise diluting its distinctive quality, by using a phonetically and visually similar name in the same market space for providing credit union services to customers which is causing actual confusion between the two brands to the detriment of AllCom.

### PARTIES

1. The Plaintiff AllCom Credit Union is a Massachusetts-chartered credit union with a principal place of business located at 36 Park Avenue, Worcester, Massachusetts 01609.

2. The Defendant All One Credit Union is a Massachusetts-chartered credit union with a principal place of business located at 20 Adams Street, Leominster, Massachusetts 01453.

### JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. §1331.

4. This Court has pendent jurisdiction over the state law claims.

5. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2) and (3).

#5724230v3

## GENERAL ALLEGATIONS

6.  AllCom provides credit union services to its clients in Massachusetts, specifically in Worcester County and portions of Middlesex County.

7.  AllCom, or its predecessors, have been utilizing the AllCom trademark since as early as October 20, 2000, and in commerce since November 30, 2000.

8.  AllCom is the holder of a federally registered trademark for AllCom Credit Union® (the "Mark").  A true and genuine copy of trademark registration number 2,595,636, issued by the United States Patent and Trademark Office on July 16, 2002 is attached to this Complaint as Exhibit A.

9.  On June 17, 2008, AllCom was issued a Notice of Acceptance pursuant to 15 U.S.C. § 1050(a)(1) and a Notice of Acknowledgement pursuant to 15 U.S.C. § 1065, which deemed Plaintiff's Mark "Incontestable." A true and accurate copy of the Notice is attached to this Complaint as Exhibit B.

10. Since its filing and acceptance, AllCom has renewed its federal trademark on two occasions.  On June 13, 2012, AllCom received a Notice of Acceptance Under Section 8, pursuant to 15 U.S.C. § 1058 and a Notice of Registration Renewal Under Section 9, pursuant to 15 U.S.C. § 1059.  Most recently, on October 13, 2022, AllCom received a Notice of Acceptance Under Section 8, pursuant to 15 U.S.C. § 1058 and a Notice of Registration Renewal Under Section 9, pursuant to 15 U.S.C. § 1059.  True and accurate copies of the Notices are attached to this Complaint as Exhibit C.

11. In addition to its federal protection, AllCom has used and is currently using the Mark in commerce in Massachusetts, specifically in Worcester County and in portions of

Middlesex County, in connection with the sale, offering for sale, or advertising of its credit union services.

12. AllCom utilizes the Mark on, among other mediums, its website, emails, and flyers, which is designed to attract business for AllCom's credit union services and to denote its quality in local communities in Worcester and Middlesex Counties and the market space. A true and accurate copy of a photograph depicting AllCom's credit union services and use of the Mark on its website (www.allcomcu.org) is attached to this Complaint as Exhibit D.

13. AllCom has used the "AllCom Credit Union" trademark in commerce in connection with the marketing and sale of its credit union services since 2000.

14. AllCom has spent approximately $80,000.00 annually to market and promote its services and brand using the Mark, which in turn has generated hundreds of thousands of dollars annually from its customers.

15. Defendant All One is utilizing a name that is both phonetically and visually similar to AllCom in connection with the advertising and sale of its credit union services (the "Similar Name"). A true and accurate copy of All One's website and marketing materials, which depict its use of All One, is attached to this Complaint as Exhibit E.

16. Specifically, both AllCom and All One share three of the four words in their names ("All", "Credit", and "Union"), and each places All and the additional word ("Com" or "One") above the words "Credit Union." Lastly, each has a similar circular design imposed upon part of the name. See Exhibit D; Exhibit E.

17. The Defendant is using and has used the Similar Name, All One, without the consent of AllCom.

18. The Defendant is using the Similar Name in connection with the sale, offering for sale, or advertising of its credit union services.

19. Defendant's use of the Similar Name is likely to cause, and has caused, customer confusion and/or mistake in the marketplace.

20. Upon learning of the Defendant's infringement of AllCom's federal trademark, AllCom notified the Defendant and requested that the Defendant cease and desist from using its confusingly Similar Name. A copy of that cease and desist correspondence is attached to this Complaint as Exhibit F.

21. Despite receiving AllCom's cease and desist, Defendant failed to respond and refused to cease and desist its unlawful use, irrespective of AllCom's federally protected rights.

22. Although AllCom has attempted to resolve this dispute in good faith, especially due to the credit union's tight-knit community, Defendant's leadership has not reached out to AllCom, nor have they attempted to resolve this dispute.

23. Defendant continues to knowingly infringe upon the Mark, despite its knowledge of AllCom's federally protected trademark.

24. Defendant's use of the Similar Name is likely to cause, and has already caused, consumer confusion and/or mistake to consumers in the marketplace.

25. As a direct and proximate result of Defendant's federal trademark infringement, AllCom has suffered, and continues to suffer, damage to its reputation and has been forced to undertake considerable expense to protect its Mark from dilution.

**COUNT I**

**FEDERAL TRADEMARK INFRINGEMENT**
**(15 U.S.C. §1114(1))**

26. AllCom repeats and incorporates by reference the allegations set forth in paragraphs 1 through 25, above, as if expressly set forth here.

27. AllCom owns the federal rights to "AllCom Credit Union®" in connection with its credit union services.

28. The Defendant's marketing, promotion, offering for sale, and sale of its credit union services using the Similar Name, "All One," is likely to cause, and has caused, confusion, mistake, or deception as to the source, affiliation, sponsorship, or authenticity of the Defendant's services.

29. As a result of the Defendant's unauthorized use of the Similar Name, consumers are likely to believe that Defendant's services have been approved by, or are affiliated with, AllCom.

30. Consequently, AllCom's ability to gain revenue through the sale of services bearing AllCom's trademark is limited due to this consumer confusion.

31. The Defendant's unauthorized use of the Similar Name, "All One," places beyond AllCom's control, the quality of services bearing the Similar Name "All One."

32. The Defendant's infringement of AllCom's federal trademark is willful and is intended to reap the benefit of the goodwill of AllCom.

33. Defendant's actions have caused and, unless enjoined by this Court, will continue to cause serious and irreparable injury to AllCom for which AllCom has no adequate remedy at law.

34. AllCom has been damaged in an amount to be determined at trial.

## COUNT II
## FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION
**(15 U.S.C. §1125(a))**

#5724230v3

35. AllCom repeats and incorporates by reference the allegations set forth in paragraphs 1 through 34, above, as if expressly set forth herein.

36. AllCom owns the federal rights to "AllCom Credit Union®" in connection with its credit union services.

37. The Defendant's marketing, promotion, offering for sale, and sale of services bearing the Similar Name, "All One," constitutes false designations of origin and false descriptions or representations that the Defendant's services originate from or are authorized by AllCom, when in fact they are not.

38. Defendant's conduct limits AllCom's ability to interact with potential customers through the sale of services bearing AllCom's trademark.

39. As a result of the Defendant's unauthorized use of the Similar Name "All One," which is confusingly similar to AllCom's trademark, the public is likely to be misled and confused as to the source, sponsorship, or affiliation of the Defendant's products.

40. The Defendant's unauthorized conduct is willful and is intended to reap the benefit of AllCom's goodwill.

41. As well as harming the public, Defendant's actions have caused and, unless enjoined by this Court, will continue to cause serious and irreparable injury to AllCom, for which AllCom has no adequate remedy at law.

42. AllCom has been damaged in an amount to be determined at trial.

### COUNT III
### TRADEMARK INFRINGEMENT IN VIOLATION OF MASSACHUSETTS COMMON LAW

43. AllCom repeats and incorporates by reference the allegations set forth in paragraphs 1 through 42, above, as if expressly set forth herein.

44. AllCom has used its Mark in commerce in Massachusetts since as early as 2000.

45. In 2002, AllCom was granted federal trademark protection for "AllCom Credit Union®" in connection with its credit union services.

46. The Defendant's unauthorized use of the Similar Name "All One" to promote, advertise, market, and/or sell its services is likely to cause – and has caused – confusion, mistake, and deception of the public as to the identity and origin of the Defendant's services, or as to a connection or affiliation with AllCom, or permission to use from AllCom, that does not exist.

47. Despite its actual and constructive knowledge of AllCom's ownership and prior use of AllCom's trademark, the Defendant has continued to use the Similar Name "All One" without AllCom's authorization or consent.

48. The Defendant's unauthorized conduct is willful and is intended to reap the benefit of AllCom's goodwill.

49. As well as harming the public, Defendant's actions have caused and, unless enjoined by this Court, will continue to cause serious and irreparable injury to AllCom, for which AllCom has no adequate remedy at law.

50. AllCom has been damaged in an amount to be determined at trial.

### COUNT IV
### UNFAIR COMPETITION IN VIOLATION OF
### MASSACHUSETTS COMMON LAW

51. AllCom repeats and incorporates by reference the allegations set forth in paragraphs 1 through 50, above, as if expressly set forth herein.

52. AllCom has used its Mark in commerce in Massachusetts since as early as 2000.

53. In 2002, AllCom was granted federal trademark protection for "AllCom Credit Union®" in connection with its credit union services.

#5724230v3

54. The Defendant's distribution, marketing, promotion, offering for sale, and sale of services bearing the Similar Name "All One" constitutes false designations of origin and false descriptions or representations that the Defendant's services originate from, or are offered, sponsored, authorized, licensed by, or otherwise somehow connected with AllCom, when in fact they are not.

55. The Defendant's unauthorized use of the Similar Name "All One" places beyond AllCom's control the quality of its services.

56. The Defendant's unauthorized conduct is willful and is intended to reap the benefit of AllCom's goodwill.

57. As well as harming the public, Defendant's actions have caused and, unless enjoined by this Court, will continue to cause serious and irreparable injury to AllCom, for which AllCom has no adequate remedy at law.

58. AllCom has been damaged in an amount to be determined at trial.

#5724230v3

## REQUEST FOR RELIEF

WHEREFORE, AllCom respectfully requests that this Court:

a)     enter judgment in favor of AllCom against the Defendant All One Credit Union on Counts I, II, III, and IV;

b)     enter an injunction against All One prohibiting their use of the Similar Name "All One";

c)     award monetary damages to AllCom in an amount to be determined at trial;

d)     enter a filing that All One's actions were willful, deliberate, and malicious;

e)     treble multiplied damages because of All One's willful, wanton and deliberate acts of trademark infringement and as otherwise permitted by law;

f)     award costs and reasonable attorney's fees that AllCom expended in this action;

g)     award AllCom pre-judgment and post-judgment interest on any damage award; and

h)     for such other and further relief as the Court may deem just and equitable.

#5724230v3

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby demands a trial by jury on all issues so triable.

                                          ALLCOM CREDIT UNION

                                          By its attorneys,

                                          */s/ Thomas J. Conte*
                                        Thomas J. Conte, BBO #566092
                                        Alexandra N. Mansfield, BBO #697163
                                        Caroline T. Freeman, BBO #713105
                                        Prince Lobel Tye LLP
                                        One Mercantile Street, Suite 220
                                        Worcester, Massachusetts 01608
                                        Phone: (508) 635-1553
                                        tconte@princelobel.com
                                        amansfield@princelobel.com
                                        cfreeman@princelobel.com

Dated: October 29, 2025